UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOMELI,<br><br>            Plaintiff,<br><br>     v.<br><br>C. PFEIFFER, et al.,<br><br>            Defendants. | No. 1:22-cv-00079 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 14 at 1)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE DOCKET ENTRY AND PLAINTIFF'S ADDRESS ON THE DOCKET<br><br>(See ECF No. 14 at 3) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has paid the filing fee.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 14 at 1-2. In it, Plaintiff also informs the Court that his address has changed. Id. at 3.

For the reasons stated below, the motion for the appointment of counsel will be denied. In addition, the Clerk of Court will be directed to update Plaintiff's address on the case caption of the docket.

I.     APPOINTMENT OF COUNSEL REQUEST; CHANGE OF ADDRESS NOTICE

In support of Plaintiff's motion for the appointment of counsel, he states that he is

1

1  indigent and unable to afford to pay for counsel. ECF No. 14 at 1. He also states that he has no
2  income each month. Id. Plaintiff requests that counsel be appointed so that his interests can be
3  protected. Id.
4      Plaintiff's motion also informs the Court that he is no longer incarcerated at Kern Valley
5  State Prison. See ECF No. 14 at 3. In it, he writes that he is now incarcerated at "California State
6  Prison – LA County." Id.
7      II.    DISCUSSION
8          A.  Applicable Law
9      District courts lack authority to require counsel to represent indigent prisoners in section
10  1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional
11  circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28
12  U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
13  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional
14  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
15  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
16  legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
17  abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
18  circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of
19  legal education and limited law library access, do not establish exceptional circumstances that
20  warrant a request for voluntary assistance of counsel.
21          B.  Analysis
22      As stated above, a prisoner is not entitled to the appointment of counsel simply because he
23  is indigent. Consequently, neither Plaintiff's inability to afford to pay for an attorney, nor his lack
24  of income constitute exceptional circumstances that warrant the appointment of counsel. For this
25  reason, having considered the factors under Palmer, the Court finds that Plaintiff has failed to
26  meet his burden of demonstrating exceptional circumstances warranting the appointment of
27  counsel and his request will be denied. As for Plaintiff's notice that his address has changed (see
28  ECF No. 14 at 3), the Clerk of Court will be ordered to update the case caption of the docket to

reflect this.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 14) is DENIED without prejudice, and

2 Consistent with Plaintiff's notice provided in his motion for the appointment of counsel (see ECF No. 14 at 3), the Clerk of Court shall:

    a. CHANGE the description at ECF No. 14 so that it reads "Motion to Appoint Counsel and Notice of Change of Address," and

    b. UPDATE the case caption of the docket so that it shows the new address that Plaintiff has provided. See ECF No. 14 at 3.

IT IS SO ORDERED.

Dated:  **March 20, 2025**                                 **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE