UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCOS LOMELI,

    Plaintiff,

  v.

PFEIFFER, *et al.*,

    Defendants.

Case No. 1:22-cv-00079-KES-FJS (PC)

ORDER GRANTING DEFENDANTS'
MOTION TO STAY
(ECF No. 36)

ORDER DIRECTING DEFENDANTS TO
FILE STATUS REPORTS REGARDING
CRIMINAL PROCEEDINGS

<u>NINETY (90) DAY DEADLINE</u>

I.  <u>INTRODUCTION</u>

  Plaintiff Marcos Lomeli ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Nunez, Rojas, Sarzi, and Sorensen for excessive force in violation of the Eighth Amendment and against Defendants Alafa, Arreola, Nunez, Olivarez, Oyelakin, Rojas, Sarzi, and Sorensen ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

  Currently before the Court is Defendants' motion to stay this case and a request for judicial notice, filed March 20, 2026. (ECF No. 36.) Defendant moves to stay this civil action until after the conclusion of a state criminal action against Plaintiff, *People v. Lomeli*, Kern County Superior Court, Case No. BF188982A, arising out of the same June 11, 2021,

1

"altercation" at issue in this action. Plaintiff has been charged with assaulting another incarcerated individual with a deadly weapon with force likely to produce great bodily injury, among other enhancements. Plaintiff had a readiness hearing for his criminal trial on March 5, 2026, but the trial was trailed until October 22, 2026. Defendants contend that this case should be stayed because Plaintiff's criminal proceedings may result in Plaintiff's civil claims being barred by the favorable termination doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994); issues may be precluded by collateral estoppel; and a stay will avoid any Fifth Amendment issues that may arise during discovery. Defendants request that the Court stay the case until Plaintiff's criminal case resolves and require Defendants to submit status reports, or in the alternative, extend the discovery and dispositive motion deadlines. (ECF No. 36.)

Plaintiff's opposition or other response was due on or before April 13, 2026. Local Rule 230(l); Fed. R. Civ. P. 6(d). Plaintiff did not file a response to Defendants' motion. On April 22, 2026, Defendants filed a notice in lieu of a reply brief, indicating that after meeting with Plaintiff on April 21, 2026, concerning an unrelated discovery matter, Plaintiff agreed to the requested stay. (ECF No. 38.) Defendants' counsel also informed Plaintiff during this meeting that they would file a notice with the Court about Plaintiff's stipulation to Defendants' requested stay. (*Id.*)

Defendants' motion for stay is therefore deemed submitted. Local Rule 230(l).

II. DISCUSSION

A. Request for Judicial Notice

Defendants request that the Court take judicial notice of the following documents: (1) Information (Felony) in *People v. Lomeli*, Kern County Superior Court, Case No. BF188982A; and (2) Events Section for *People v. Lomeli* available on the Kern County Superior Court's public case information search website. (ECF No. 36-1.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it.

2

*Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filings of other court proceedings. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n.2 (9th Cir. 2002). In addition, a court may take judicial notice of undisputed matters of public record, including papers filed with the court and the records of state agencies and administrative bodies. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230, 1242–42 (C.D. Cal. 2005) (stating that court may take judicial notice of records and reports of administrative bodies).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendants' request to take judicial notice of the above-mentioned documents is granted.

      B.     <u>Motion to Stay</u>

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id.*

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id.* "Nevertheless, a court may decide in its discretion to stay civil

proceedings . . . 'when the interests of justice seem[ ] to require such action.' " *Id.* (citations omitted).

### 1. *Same Nucleus of Facts*

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public. *Keating*, 45 F.3d at 324–25.

Here, the civil rights action implicates Plaintiff's Fifth Amendment rights. The facts and circumstances underlying Plaintiff's criminal prosecution for assaulting another incarcerated person with a deadly weapon substantially overlap with Plaintiff's excessive force claim against Defendants Sarzi, Nunez, Rojas, and Sorensen in relation to stopping an altercation Plaintiff had gotten into while on his way to the medication pill line. (ECF No. 17, p. 4.) Both cases involve the June 11, 2021, altercation and will involve substantially all of the same parties and witnesses. Thus, if this case proceeds, Defendants will seek discovery from Plaintiff, and he will be required to respond under oath. The discovery will involve Plaintiff's alleged assault of another inmate on June 11, 2021. Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights. Furthermore, if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery. *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil

4

case, or waiving those rights, thereby courting liability in the civil case.") (internal quotations and citation omitted).

Likewise, the other *Keating* factors also support a stay. Any prejudice to Plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost with the passage of time. *McCormick v. Rexroth*, No. C 09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010). In addition, the public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." *Douglas v. United States*, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

Furthermore, if a stay is not granted, the defenses available may be limited. If the court in the criminal action considers Plaintiff's factual allegations regarding the June 11, 2021, altercation, such findings may be binding in this Court. Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion. *See Wallace*, 549 U.S. at 393–94 (noting that the question of whether a section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted). "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* (citation omitted); *see also Vivas v. Cty. of Riverside*, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action involves many of the same facts. Notably, defense counsel indicates that Plaintiff agreed to the requested stay during the parties' April 21, 2026, meeting. (ECF No. 38.) Accordingly, the Court will stay this action until Plaintiff's criminal charges have been resolved.

2.    Younger *Abstention*

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

Even if a stay is not warranted under the former analysis, a stay is warranted under *Younger*.

Here, Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Indeed, Plaintiff may raise constitutional issues in the state proceedings. *See Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). In addition, Plaintiff is seeking damages in this civil action. Hence, principles of judicial comity authorize the Court to stay this action until Plaintiff's criminal

proceedings have concluded.

III.    CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Defendants' motion to stay, (ECF No. 36), is GRANTED;

2. The instant action is STAYED pending resolution of Plaintiff's criminal proceeding, *People v. Lomeli*, Kern County Superior Court, Case No. BF188982A; and

3. Defendants shall file a status report within ninety (90) days from the date of service of this order, and every ninety (90) days thereafter, addressing the status of the criminal proceedings until they are resolved.

IT IS SO ORDERED.

Dated:    **April 23, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

7