UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOMELI,<br><br>              Plaintiff,<br><br>     v.<br><br>PFEIFFER, *et al.*,<br><br>              Defendants. | Case No. 1:22-cv-00079-KES-FJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 40)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br>(ECF No. 40) |

Plaintiff Marcos Lomeli ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Nunez, Rojas, Sarzi, and Sorensen for excessive force in violation of the Eighth Amendment and against Defendants Alafa, Arreola, Nunez, Olivarez, Oyelakin, Rojas, Sarzi, and Sorensen ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment. On April 23, 2026, the court granted Defendants' motion to stay this action pending resolution of Plaintiff's state court criminal action. (ECF No. 39.)

I.     MOTION FOR RECONSIDERATION

Currently before the court is Plaintiff's May 6, 2026, motion for reconsideration of the court's March 20, 2025, order denying Plaintiff's motion to appoint counsel, (ECF No. 15). (ECF No. 40.) Plaintiff states that he remains incarcerated and indigent, without the financial ability to

retain an attorney. His efforts to obtain counsel have been unsuccessful. Plaintiff argues that the case has entered a more complex stage, requiring him to make important legal decisions, respond to issues involving discovery, evidence, and potential dispositive motions. Plaintiff's incarceration significantly limits his ability to litigate this case. Plaintiff has limited access to legal materials, cannot easily gather evidence, and has no ability to conduct depositions or interview witnesses. Plaintiff believes that without counsel, he will be substantially prejudiced in pursuing his claims and will be at a serious disadvantage compared to Defendants. Plaintiff requests that the court reconsider its prior order and appoint counsel to represent him in this matter.

The deadline for Defendants to file a response has not yet expired, but the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of what the court already considered in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff fails to show any new or different facts or circumstances that did not exist at the time Plaintiff made his prior request for appointment of counsel. Plaintiff remains incarcerated and indigent. To the extent Plaintiff argues that this action is now at a more complex stage of proceedings, Plaintiff is reminded that the action is stayed pending resolution of Plaintiff's criminal proceeding in Kern County Superior Court. (ECF No. 39.) As such, there are currently

no issues related to discovery or dispositive motions that require Plaintiff's attention in this matter.

II.    RENEWED MOTION FOR APPOINTMENT OF COUNSEL

To the extent Plaintiff's motion for reconsideration is intended as a renewed request for appointment of counsel, Plaintiff is reminded that the filing fee has been paid and therefore he is not proceeding *in forma pauperis* in this action. The court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Here, however, the court has considered Plaintiff's request and does not find the required exceptional circumstances. Even if Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel and with limited access to the law library.

Finally, at this stage in the proceedings, the court cannot decide whether Plaintiff is likely to succeed on the merits. Although Plaintiff's first amended complaint was screened and found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed on the merits. And based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

III.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion for reconsideration of the court's March 20, 2025, order denying Plaintiff's motion for appointment of counsel, (ECF No. 40), is DENIED;

2.  To the extent Plaintiff's motion is a renewed motion for appointment of counsel, the renewed motion for appointment of counsel, (ECF No. 40), is DENIED, without prejudice; and

3.  This action remains stayed pursuant to the court's April 23, 2026, order, (ECF No. 39).

IT IS SO ORDERED.

Dated:   **May 8, 2026**                              _____
                                                      UNITED STATES MAGISTRATE JUDGE

4