UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOMELI, | Case No. 1:22-cv-00079-KES-FJS (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S RESPONSE TO THE COURT'S ORDER AS MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO STAY |
| v. | |
| PFEIFFER, *et al.*, | (ECF No. 42) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 42) |

Plaintiff Marcos Lomeli ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Nunez, Rojas, Sarzi, and Sorensen for excessive force in violation of the Eighth Amendment and against Defendants Alafa, Arreola, Nunez, Olivarez, Oyelakin, Rojas, Sarzi, and Sorensen ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On April 23, 2026, the court granted Defendants' motion to stay this action pending resolution of Plaintiff's criminal proceeding, *People v. Lomeli*, Kern County Superior Court, Case No. BF188982A. (ECF No. 39.) Defendants were directed to file a status report within ninety (90) days from the date of service of that order, and every ninety (90) days thereafter, addressing the status of the criminal proceedings until they are resolved. (*Id.* at 7.)

On May 6, 2026, after this action was stayed, Plaintiff filed a motion for reconsideration of the court's March 20, 2025, order denying Plaintiff's motion to appoint counsel. (ECF No. 40.) The court denied the motion, finding that Plaintiff failed to show any grounds warranting reconsideration and reminding Plaintiff that this action is stayed pending resolution of his criminal proceeding. (ECF No. 41.) The court further found that to the extent Plaintiff intended to renew his request for appointment of counsel, the court was unaware of any authority that would allow the appointment of counsel for a litigant in a civil action, like Plaintiff, who is not proceeding *in forma pauperis*. Finally, even if Plaintiff were proceeding *in forma pauperis*, the court found that Plaintiff had not shown exceptional circumstances warranting appointment of counsel. (*Id.*)

Currently before the court is Plaintiff's May 21, 2026, filing, "Response for Denying Counsel." (ECF No. 42.) Plaintiff alleges that he was denied counsel because his case is stayed pending resolution of his criminal proceeding, but the only reason the case is stayed is because he was lied to by defense counsel. Plaintiff states that he was under the impression that the stay was only for 90 days, after which the parties would either proceed with the case or get another 90-day extension. Plaintiff alleges that he has now found out that the stay is set until he finishes his criminal case, which is against his wishes. Plaintiff states that he wants to proceed with his civil case, "whatever the consequences." (*Id.*)

After review, the court construes the filing as a motion for reconsideration of the court's order granting Defendants' motion to stay.[1] Although Defendants have not yet had the opportunity to file a response, the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals,*

---

[1] To the extent Plaintiff is attempting to bring another motion for reconsideration regarding the court's denial of his prior requests for appointment of counsel, the motion is denied for the reasons explained in the May 8, 2026, order. (ECF No. 41.)

2

*Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff fails provide sufficient grounds warranting reconsideration of the court's order granting Defendants' motion to stay. Although Plaintiff alleges that defense counsel lied to him and that he was under the impression that the requested stay was only for ninety days, the first sentence of Defendants' motion states, "Defendants respectfully request that the Court stay this case until Plaintiff's criminal case resolves." (ECF No. 36, p. 1.) The conclusion of the motion further states, "[t]he Court should impose a stay until Plaintiff's related criminal proceedings resolve." (*Id.* at 8.) Plaintiff also does not specify when defense counsel allegedly lied to him regarding the length or scope of the requested stay, but it appears Plaintiff is referring to the parties' April 21, 2026, meeting, after which defense counsel represented to the court that Plaintiff agreed to the requested stay. Significantly, Plaintiff chose not to file an opposition to Defendants' motion, and any opposition would have been due on or before April 13, 2026, well before the parties' meeting. Further, the court notes that while Defendants offered to file status reports within fourteen days of Plaintiff's trial readiness hearing and within fourteen days of the resolution of Plaintiff's related criminal proceedings, at no time did Defendants suggest the filing of a status report after ninety days. (*See* ECF No. 36.)

Based on the above, the court is not persuaded by Plaintiff's allegation that he was misled by defense counsel. Defendants' motion plainly stated their request to stay this action until Plaintiff's criminal case was finished, and Plaintiff chose not to oppose the motion or otherwise file a response clarifying his understanding of the length of the requested stay. Even assuming

Plaintiff left the parties' April 21, 2026, meeting with a misunderstanding of Defendants' request, Plaintiff had already missed the deadline to file his opposition by more than a week. Plaintiff does not argue that he was otherwise prevented from responding to Defendants' motion before the opposition deadline expired, and therefore the court finds Plaintiff failed to timely oppose or otherwise respond to the granting of the motion. *See* Local Rule 230(l).

Even assuming Plaintiff did not waive his opposition to Defendants' motion to stay, the court nevertheless finds that a stay would be warranted. Plaintiff states only that he wishes to proceed with his civil case, "whatever the consequences." (ECF No. 42, p. 1.) Plaintiff's argument assumes that the potential consequences of allowing his civil action to proceed, such as the implication of his Fifth Amendment rights, would fall on him alone. But as explained in the court's April 23, 2026, order, the public interest, availability of defenses, and judicial efficiency all weigh in favor of a stay, and even if not warranted under that analysis, a stay is warranted pursuant to *Younger* abstention. (ECF No. 39, pp. 5–6.) As such, Plaintiff cannot unilaterally disregard all potential consequences of allowing his civil case to proceed.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's response to the court's order, (ECF No. 42), is CONSTRUED as a motion for reconsideration of order granting Defendants' motion to stay;

2. Plaintiff's motion for reconsideration, (ECF No. 42), is DENIED; and

3. This action remains stayed pursuant to the court's April 23, 2026, order and the parties will continue their periodic reporting as set forth in that order, (ECF No. 39).

IT IS SO ORDERED.

Dated:    **June 8, 2026**                                    _____

                                                              UNITED STATES MAGISTRATE JUDGE